**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ERICK JESUS CARCAMO LOPEZ,

Petitioner,

v. CIVIL ACTION NO. 3:26-0674

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioner Erick Jesus Carcamo Lopez. ECF No. 1. Respondents state that "the legal issue before the Court, similar to a recent case, is whether Respondents have met their burden of demonstrating that Petitioner received a custody determination based on the record before the Court." Resps.' Mot. for Relief at 4, ECF No. 11 (citing *Centeno Zapata v. Venturella*, Civil Action 3:26-cv-667).

Petitioner alleges that he "did not receive an individualized custody determination." Pet.'s Reply at 3, ECF No. 8. He "denies that he was ever informed that immigration officials were even

so much as contemplating the possibility that he might be released from custody, denies that he was ever informed that he had an opportunity to demonstrate his lack of flight risk or danger to the community, and denies being interviewed regarding his personal circumstances beyond the most basic biographical information." *Id.* Respondents allege that "Petitioner received a custody determination, noted on the Form I-286" and that an "ICE Deportation Officer, notes the reasoning to detain Petitioner which is outlined in the I-213." Resp. at 2, ECF No. 7. Respondents "do not intend to offer additional witnesses or documents and believe this matter can be resolved without oral argument or evidentiary hearing." Resps.' Mot. for Relief at 2. However, Respondents do provide a "Notice to Appear" ordering Petitioner to appear before an immigration judge on November 2, 2026, at 1:30 PM. *See* Resps.' Ex. 1, ECF No. 11-1.

The Court finds that Respondents have failed to demonstrate that Petitioner received an individualized custody determination consistent with 8 U.S.C. § 1226(a) and consistent with due process. Accordingly, the Petition, ECF No. 1, is **GRANTED**, and Respondents' Motion to Dismiss, ECF No. 7, is **DENIED**. A memorandum opinion will shortly follow.

Respondents are **ORDERED** to **PROMPTLY RELEASE** Petitioner **Erick Jesus Carcamo Lopez**, no later than **Wednesday, October 28, 2026, at 3:00 PM** in Huntington, WV, at the sidewalk at the front entrance of the federal courthouse on 5th Avenue. Respondents are **DIRECTED** to provide reasonable notice of at least three (3) hours to Petitioner's counsel of the anticipated time and place of Petitioner's release. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioner's detention, including legal documents. Respondents shall file a notice of compliance with the Court.

The Court also finds that the hearing scheduled for November 2, 2026, at 1:30 PM, before an immigration judge, is moot and must be suspended. Respondents represent that this hearing is

a review of Petitioner's alleged custody determination. *See* Resps.' Mot. for Relief at 4 n.3; *see also* Resps.' Ex. 1 at 6, ECF No. 7-1. The Court holds that Respondents have failed to prove that a custody determination occurred consistent with § 1226(a) and due process. Hence, any potential review is now moot. If Petitioner did not request review, no such hearing would have been scheduled, and Petitioner would not be subject to any penalty for any failure to appear.

Accordingly, the Court **ORDERS** that Respondents are **PROHIBITED** from enforcing its Notice to Appear or otherwise subjecting Petitioner to any penalty for any failure to appear before the immigration judge on November 2, 2026, at 1:30 PM.

The Court further **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1225 and are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1226(a) absent notice, a reasonable opportunity to obtain counsel, and a constitutionally adequate custody determination hearing before a neutral and detached decisionmaker. Respondents are **PERMANENTLY ENJOINED** from imposing any conditions or restraints on Petitioner's liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Hearing previously scheduled for Wednesday, October 28, 2026, is **CANCELED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 27, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE